

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FILED
FEB 0 5 2016
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

SHERRY L. BODNAR, on Behalf of herself and All Others Similarly Situated,

Plaintiff,

vs.

BANK OF AMERICA, N.A.,

Defendant.

Case No. 5:14-cv-03224-EGS

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, APPROVING FORM OF NOTICE, DIRECTING DISSEMINATION OF NOTICE, AND SCHEDULING FINAL FAIRNESS HEARING

The Court having considered Plaintiff's Unopposed Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement (the "Motion"), the exhibits thereto, and the records and files in this action, and being otherwise fully advised in the premises, orders, adjudges, and decrees, pursuant to Federal Rules of Civil Procedure, Rule 23, that:

1. This Court has jurisdiction over the claims at issue and parties involved in this action.

2. The Settlement Agreement between and among the Plaintiff Sherry Bodnar, individually and on behalf of all others similarly situated in this class action, and Defendant Bank of America, N.A. (the "Parties"), is incorporated fully herein by reference and attached as Exhibit B to the Memorandum in Support of Plaintiff's Unopposed Motion for Preliminary Approval ("Memorandum"). The definitions used in the Settlement Agreement are adopted for use herein.

3. This Court finds that the Settlement Agreement has been reached between and among Plaintiff Bodnar individually and for and on behalf of the Class, Class Counsel for and on behalf of the Settlement Class, and Defendant, independently, through well-informed, contentious negotiations supervised by experienced mediators.

4. The Court has reviewed the Settlement Agreement proposed by the Parties, finds that it is without obvious deficiencies, and that is sufficiently fair and reasonable to warrant providing notice to the Settlement Class of its terms. The Settlement Agreement is hereby preliminarily approved as sufficiently fair and reasonable to warrant providing notice to the Settlement Class of its terms.

5. The Settlement Agreement appears to have been the product of arm's length negotiation between the Parties and appears to have been made in good faith.

6. The Notices, attached to the Memorandum as Exhibits C, D and E, are constitutionally adequate, and are hereby approved. The Notices contain all of the essential elements necessary to satisfy the requirements of federal law including the Federal Rules of Civil Procedure and federal and state due process provisions, including the Class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed settlement, information regarding the manner in which objections may be submitted, and information regarding the manner in which requests for exclusions or opt outs may be submitted. The Notices inform Settlement Class members of opt-out procedures and deadlines, and of the date and location of the "final fairness hearing" of the settlement.

7. The Court approves the Notice Plan for delivery of the Notices as described in the Settlement Agreement. The Court hereby directs that the Notices be emailed and mailed in accordance with the Settlement Agreement. The Notices will identify the opt-out deadline of

sixty (60) days after the Notices are mailed to Class members; to be timely, any written opt-outs must be post-marked by this deadline. The "final fairness hearing" will be scheduled for a date that is at least one hundred and eighty (180) days after the entry of this Order and thus complies with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

8. The Notice Plan also satisfies due process and constitutes the best practical notice under the circumstances of this case. The Notice Plan is thus approved and its implementation pursuant to the Settlement Agreement is hereby ordered.

9. The Court hereby sets the following schedule of events:

| Event | Days From Preliminary Approval Order | Date |
|---|---|---|
| **Email Notice Complete** | 30 Days | March 7, 2016 |
| **Mailed Notice Complete** | 60 Days | April 5, 2016 |
| **Opt-Out Deadline** | 120 Days | June 6, 2016 |
| **Deadline to Submit Objections** | 120 Days | June 6, 2016 |
| **Motion for Final Approval** | 150 Days | July 5, 2016 |
| **Final Fairness Hearing** | 180 Days | August 3, 2016 |

10. The Settlement Agreement is not and shall not be deemed and construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations contained in the Amended Complaint, or any other

3

pleading, and the evidence thereof shall not be used directly, or indirectly, in whole or in part, in any way, whether in the action or in any other action or proceeding of whatever nature or kind.

11. If the Settlement Agreement does not become effective in accordance with the Settlement Agreement, or if the Settlement Agreement is not finally approved, or if the Settlement Agreement is canceled, terminated, or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated.

12. The Manual for Complex Litigation (Fourth) advises that in cases presented for both preliminary approval and class certification, the "judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." MCL 4th, § 21.632.

13. The Court also conditionally certifies the Settlement Class, because the Settlement Class satisfies the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy. In addition, the Settlement satisfies the requirements for certification in Rule 23(b), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . [that] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

14. Numerosity. Rule 23(a)(1) provides for class certification where, the class is so numerous that joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1). Here, the Settlement Class exceeds 2 million members, and the numerosity requirement is met.

15. Commonality. Rule 23(a)(2)'s requirement of common questions is also satisfied. "Rule 23(a)(2)'s commonality element requires [merely] that the proposed class members share at least one question of fact or law in common with each other." *In re Warfarin Sodium Antitrust*

*Litig.*, 391 F.3d 516, 527-28 (3d Cir. 2004) (affirming certification of settlement class). "A finding of commonality does not require that all class members share identical claims." *Id.* at 530 (citation and internal quotation marks omitted). Applying these principles, the commonality requirement of Rule 23(a)(2) is easily met here. Whether or not Bank of America breached its contractual promises to consumers in the Deposit Agreements and other writings is a key central question in this litigation. In addition to questions about the meaning of the contracts, other common questions of law and fact include:

    a.    Whether the Bank imposed overdraft fees on recurring debit card transaction when those transactions were authorized into sufficient available balances or funds available;

    b.    Whether the Bank breached its covenant of good faith and fair dealing with Bodnar and other members of the Classes through its overdraft policies and practices on APPSN Transactions;

    c.    Whether the Bank converted money belonging to Bodnar and other members of the Classes through its overdraft policies and practices;

    d.    Whether the Bank was unjustly enriched through its overdraft policies and practices; and

    e.    Whether the Bank violated the consumer protection acts of certain states through its overdraft policies and practices.

    f.    The proper method or methods by which to measure damages, and

    g.    The declaratory relief to which the Classes are entitled.

The Court finds that commonality requirement is satisfied.

16. <u>Typicality.</u> "The typicality criterion focuses on whether there exists a relationship between the plaintiffs' claims and the claims alleged on behalf of the class." *Newberg on Class Actions* § 3:13. "If the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of factual differences." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183-84 (3d Cir. 2001). Here, all claims arise from the same challenged conduct—the Bank's assessment of Overdraft Fees on particular debit card transactions—and involve the "same elements the other class members would have to prove if they brought individual actions." *In re Plastic Cutlery Antitrust Litig.*, No. 96-cv-728, 1998 WL 135703 at *4 (E.D. Pa. Mar. 20, 1998). The Court finds that Plaintiff's claims are "typical" of other Settlement Class Members' claims because they were subjected to a uniform set of debit card processing and Overdraft Fee policies and practices that Bank of America used for all accountholders. Plaintiff's claims therefore arise from the same course of conduct as the other Class Members' claims. Additionally, Plaintiff's and all other Settlement Class Members' claims are premised on the same legal theories. Accordingly, the Court finds that typicality requirement is satisfied.

17. <u>Adequacy of Representation.</u> The adequacy requirement of Rule 23(a)(4) has two prongs: (1) "the interests of the named plaintiffs must be sufficiently aligned with those of the absentees," and (2) "class counsel must be qualified and must serve the interests of the entire class." *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 630 (3d Cir. 1996). The Court finds that the named Plaintiff has vigorously pursued the claims of the Settlement Class she purports to represent, and there is no intra-class conflict. The named Plaintiff's interests are aligned with those of the Settlement Class. Moreover, the Settlement Class is represented by lawyers who have extensive complex class action experience. Dkt. 33. Based on these and other factors, the

Court previously named Tycko & Zavareei LLP as Interim Lead Class Counsel on January 15, 2015. Dkt. 34.

18. <u>Rule 23(b) Factors.</u>

a. <u>Common Questions of Law and Fact Predominate Over Individual Questions.</u>

In order to satisfy Rule 23(b)(3)'s requirement that common questions of law and fact predominate, "the predominance test asks whether a class suit for the unitary adjudication of common issues is economical and efficient in the context of all the issues in the suit." *Newberg on Class Actions* § 4:25. The predominance inquiry tests whether the proposed class is sufficiently cohesive to warrant adjudication by the representative plaintiff. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310-11 (3d Cir. 2008) (citing *Amchem*, 521 U.S. at 623). Predominance "does not demand unanimity of common questions, it requires that the common questions outweigh individual questions." *McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246, 254 (E.D. Pa. 2006) (citing *Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 185 (3d Cir. 2001)).

Here, the shared issues surrounding the legality and impact of the Bank's posting and Overdraft Fee practices predominate over any individual issues. The claims are founded upon a common legal theory. The focus is on the Defendant's conduct and not on matters pertaining to individual Settlement Class members. The Court finds that predominance requirement is satisfied for settlement purposes because common questions may be resolved for all Class members in a single common judgment.

b. <u>Superiority.</u> "The superiority requirement asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." *In re Warfarin*, 391 F.3d at 533-34 (citation and quotation marks

omitted). Rule 23(b)(3) identifies various factors as pertinent to a superiority finding, including class members' interests in pursuing separate actions, the extent of any independent litigation already begun by class members, the desirability of concentrating the litigation in this forum, and the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3)(A-D). A class action is superior here. Without certification, the Bank and the court system could face scores of cases challenging the same conduct, potentially resulting in conflicting rulings. Therefore, a class action is superior to other available methods for fairly and efficiently adjudicating this case.

19. Because each element of Rules 23(a) and 23(b)(3) are satisfied, the Court finds that conditional certification of the proposed Settlement Class defined below is appropriate:

> All Bank of America consumer checking Account holders in the United States who, from May 25, 2011, through the date of preliminary settlement approval, were charged Overdraft Fees on transactions that were authorized and approved when sufficient funds were available to cover the amount of authorization.

20. <u>Appointment of Class Representatives and Class Counsel</u>. When a court certifies a class, the court must appoint class counsel and must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court finds that Plaintiff's counsel have thus far vigorously prosecuted this action by: (1) filing and amending Plaintiff's complaint; (2) defending against two motions to dismiss; (3) investigating class members' potential claims; (4) propounding and

reviewing discovery; (5) analyzing, with the help of an expert, data Defendant provided in discovery; (6) taking several depositions of Defendant and its employees; (7) participating in numerous mediation sessions; (8) negotiating a settlement agreement; and (9) briefing the instant motion for preliminary approval. In addition, Plaintiffs' counsel has significant prior experience prosecuting class actions. For these reasons, the Court will appoint Tycko & Zavareei LLP as Lead Class Counsel and the firms of Tycko & Zavareei LLP, Kopelowitz Ostrow and Shepherd, Finkelman, Miller & Shah, LLP as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

**IT IS SO ORDERED.**

DATED: February 5, 2016

_____
HON. EDWARD G. SMITH
US DISTRICT COURT JUDGE