## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**SHERRY L. BODNAR, on Behalf of herself
and All Others Similarly Situated,**

    **Plaintiff,**

    **vs.**

**BANK OF AMERICA, N.A.,**

    **Defendant.**

**Case No. 5:14-cv-03224-EGS**

## <u>PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE</u>

Pursuant to Federal Rule of Evidence 201, Plaintiff respectfully requests that the Court take judicial notice of the attached Exhibits 1 through 16, in connection with Plaintiff's Memorandum in Support of Unopposed Motions for Certification of a Settlement Class and Final Approval of Class Action Settlement, and for Attorneys' Fees and Class Representative Service Awards ("Motions").

The attached exhibits are relevant to Plaintiff's Motions because they are documents related to Christopher Bandas, who is counsel for Objector Dawn Weaver.  As discussed in Plaintiff's Motions, Weaver and her counsel Bandas are "professional objectors."  A "professional objector" is "one who routinely objects to settlements and requests for attorneys' fees."  *In re Royal Dutch/Shell Transp. Secs. Litig.*, No. 04-374 (JAP), 2008 WL 9447623, at *30 (D.N.J. Dec. 9, 2008).  "[P]rofessional objectors . . . bring objections, typically of a generic sort, that are lodged primarily for the purposes of delay and to extract (***indeed, often, to extort***) payment to the objector's counsel to go away."  *Rossi v. Proctor & Gamble Co.*, at *7 n.2 (quoting *In re Checking Account Overdraft Litig.*, No. 09–md02036–JLK, Dkt. No. 1885–7 (S.D. Fla. Sept. 16, 2011)) (alteration in original) (emphasis added).  "Federal courts are increasingly

weary of professional objectors." *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 295 n.26 (E.D. Pa. 2003); *In re Royal Dutch/Shell*, 2008 WL 9447623, at *30 (quoting *Varacallo v. Mass. Mut. Life. Ins. Co.*, 226 F.R.D. 207, 240 (D.N.J. 2005)); *see also, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) ("I concur with the numerous courts that have recognized that professional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients.") (collecting cases).

Exhibits 1 through 16 are being offered to show the rulings of other courts criticizing Bandas in addition to other court filings documenting his many objections.  The Court should grant Plaintiff's request. Federal Rule of Evidence 201(b) provides that judicial notice is warranted where a fact is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Exhibits 1 through 16 readily satisfy both criteria.  "The court may take judicial notice at any stage of the proceeding."  Fed. R. Evid. 201(d).

All of the attached exhibits are filings on court dockets.  Courts in this district routinely take notice of such filings.  *E.g.*, *Schuylkill Health Sys. v. Cardinal Health, Inc.*, No. 12-7065, 2014 WL 3805466, at *1 n.1 (E.D. Pa. Mar. 14, 2014) ("The Court will take judicial notice of these court filings because, as public filings on the docket of a district court, they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)); *see also Central Transport, LLC v. Mainfreight, Inc.*, No. 14-6083, 2015 WL 620716, at *1 n.2 (E.D. Pa. Feb. 11, 2015) (same) (quoting *Schuylkill Health*

*Sys.*); *Tripodi v. North Coventry Tp.*, No. 12-4156, 2013 WL 4034372, at *1 n.3 (E.D. Pa. Aug. 8, 2013) (Sánchez, J.) (judicial notice of "orders, opinions, and docket summary reports").

Courts elsewhere in this Circuit are in accord.  *E.g.*, *Johnson v. Allegheny Cnty. Court of Common Pleas*, No. 15-cv-00713-LPL, 2015 WL 7731414, at *1 n.1 (W.D. Pa. Nov. 9, 2015) ("The court takes judicial notice of court records and dockets of the Federal District Courts.") (quoting *Carroll v. Prothonotary*, No. 08-cv-1683, 2008 WL 5429622, at *2 (W.D. Pa. Dec. 31, 2008)); *Carroll v. Clerk of Court*, No. 08-1684, 2009 WL 112546, at *2 (same) (citing *DiNicola v. DiPaolo*, 945 F.Supp. 848, 854 n.2 (W.D. Pa. 1996)); *Hynoski v. Columbia Cnty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 556 (M.D. Pa. 2013) ("the court notices the fact of their filing and the rulings issued by the court of record"), *reconsideration denied*, No. 4:10-CV-2222, 2013 WL 3863992 (M.D. Pa. July 24, 2013).

In light of the authorities above, Exhibits 1 through 16 are properly subject to judicial notice by the Court; as such, Plaintiff respectfully requests that the Court take notice of the same.

| Exhibit | Excerpt/Description |
|---|---|
| **Exhibit 1**, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) | "Hull's papers do not list counsel, but IP Plaintiffs showed that Hull previously objected to another class settlement in which he was assisted by attorney Christopher Bandas, a 'professional' or 'serial' objector located in Corpus Christi, Texas. In fact, Hull's objection in this case was postmarked in Corpus Christi, Texas, even though Hull lives and works in Denver, Colorado. ***Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct***" (citation omitted) (emphasis added). |

| Exhibit | Excerpt/Description |
|---|---|
| **Exhibit 2**, *In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 156 (S.D.N.Y. 2014) | "Moreover, while Hampe is appearing *pro se* before this Court, he admits that he is 'represented in this matter' by attorney Christopher A. Bandas ('Bandas'), who has been repeatedly admonished for pursuing frivolous appeals of objections to class action settlements. The Honorable Samuel Conti of the Northern District of California has stated: 'Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct.' Even more recently, the Honorable Barry Ted Moskowitz of the Southern District of California conducted an evidentiary hearing regarding Bandas's practices in order to determine whether to strike an objection. After hearing testimony from Bandas and other witnesses, he struck the objection, having determined that '***Mr. Bandas was attempting to pressure the parties to give him $400,000 as payment to withdraw the objections and go away***' and that "Mr. Bandas was using the threat of questionable litigation to tie up the settlement unless the payment was made.' Hampe's relationship with Bandas, a known vexatious appellant, further supports a finding that Hampe brings this appeal in bad faith." (citations omitted) (emphasis added). |
| **Exhibit 3**, *In re Hydroxycut Mktg. & Sales Practices Litig.*, Order Striking Objections, at 9-10 (S.D. Cal. Sept. 17, 2013) | "According to Mr. Reid's testimony, which the Court finds credible, Mr. Bandas was attempting to pressure the parties to give him $400,000 as payment to withdraw the objections and go away. ***Mr. Bandas was using the threat of questionable litigation to tie up the settlement unless the payment was made*** . . . . In light of Mr. Bandas's scheme, the Court finds that Ms. McBean's objections were filed for the improper purpose of obtaining a cash settlement in exchange for withdrawing the objections." (emphasis added). |

| Exhibit | Excerpt/Description |
|---|---|
| **Exhibit 4**, *Brown v. Wal-Mart Stores, Inc.*, No. 01 L 85, Order Denying Objections to the Settlement and Fees and the Motion to Intervene and for Pro Hac Vice Admission at 2 (Ill. Cir. Ct. 14th Cir. Oct. 29, 2009) | "The Bandas Objection filed on behalf of Ms. Carlson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit and not for the benefit of this Class or for those lawyers' clients. The record before the Court demonstrates that ***Bandas is a professional objector who is improperly attempting to 'hijack' the settlement of this case from deserving class members and dedicated, hard working counsel***, solely to coerce ill-gotten, inappropriate and unspecified 'legal fees.'" (emphasis added). |
| **Exhibit 5**, *Conroy v. 3M Corporation*, 2006 U.S. Dist. Lexis 96169, at *11 (N.D. Cal. Aug. 10, 2006) | The Court found the objections of Mr. Bandas' clients to be "patently frivolous . . . [and] bore no particular relationship to the circumstances of the settlement" and imposed a $431,167 appeal bond requirement. |
| **Exhibit 6**, *Mussman v. Wal-Mart Stores, Inc.*, No. LACV-27486, Order Regarding Terry Healy's Objection and Motion to Intervene at 12 (Iowa Dist. Ct., Clinton Cty. Oct. 13, 2009) | "The Court has considered all of the materials and pleadings filed of record in this case, as well as related judicial rulings. As a result, the Court concludes that attorney ***Christopher A. Bandas is a professional objector. The Court is concerned that attorney Bandas is seeking to wrongfully use the class action and objection process for personal gain, and without any corresponding benefit to any individual objector or the settlement class as a whole***" (emphasis added). |
| **Exhibit 7**, *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Master File No. CV-07-5944-SC, Order Granting Final Approval of Settlement, at ¶7 (N.D. Cal. March 22, 2012) | Overruling the objection of Mr. Bandas' objector, Sean Hull, for having "failed to submit proof or otherwise establish that he is a member of the Class, and therefore lacks standing to challenge the Settlement." |
| **Exhibit 8**, *Dennings v. Clearwire Corp.*, No. 2:10.cv.01859-JLR, Transcript of Proceedings (Aug. 20, 2013) | Trial court stated on the record that because Bandas did not post appeal bond in timely fashion, he "violated the court's order" (*see* page 30), and imposing the sanction of "revoke[ing] Mr. Bandas' authorization to practice in the Western District of Washington" (*see* page 31). |

| Exhibit | Excerpt/Description |
|---|---|
| **Exhibit 9**, *Wilson v. EverBank*, No. 14-CIV-22264, 2016 WL 457011, at *15 (S.D. Fla. Feb. 3, 2016) | "There remains only one pending objection to the Settlement, filed by Amirali and Janet Jabrani and their counsel, Mr. Christopher Bandas. Neither the Jabranis or their counsel appeared at the Final Approval Hearing. Both Mr. and Mrs. Jabrani provided deposition testimony to Class Counsel and the Defendants after filing their written objection, but before the Final Approval Hearing. **The Court considered that testimony and notes that it differs from the written objection filed by counsel for the Jabranis [Bandas]. . . . . The objection lacks merit . . .**" (citations omitted)(emphasis added) |
| **Exhibit 10**, *Kevin Embry v. ACER America Corp.*, No. C 09-01808 JW, Order Granting Plaintiff's Motion for Reconsideration; Requiring Appellate Bond at 3 (N.D. Cal. July 31, 2012) | The court required Bandas to post an appeal bond of $70,650. In so ruling the court observed that, "the Court finds that the merits of the Objector's appeal weigh heavily in favor of requiring a bond, insofar as his objections to the settlement are lacking in merit." |
| **Exhibit 11**, *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 3777163, at *2 (N.D. Cal. Aug. 29, 2012) | Upon review, the Court finds that Objector Bandas' failure to comply with the Court's July 31 Order and August 22 Order warrants a finding that Objector is in contempt, and imposes the sanction of striking Objector's objection to the Final Settlement. |
| **Exhibit 12**, *In Re: Wal-Mart Wage and Hour Employment Practices Litig.*, MDL No. 1735, Order at 2-3 (D. Nev. Mar. 8, 2010) | Order denying imposition of sanctions but imposing a bond of $500,000 per objector based upon the court's finding "that the objections are not supported by law or the facts and are indeed meritless . . . . ***The Court . . . does find on the basis of the briefs submitted that Objectors' counsel have a documented history of filing notices of appeal from orders approving other class actions, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class***" (emphasis added). |
| **Exhibit 13**, *In re CertainTeed Fiber Cemend Siding Litig.*, No. 2:11-md-02270-TON, Order Granting Motion to Compel, Dkt. No. 85 (E.D. Pa. Jan. 28, 2014) | "[U]pon consideration of Class Counsel's motion to compel depositions of the Bandas objectors and Rule to Show Cause why the Bandas objectors should not be sanctioned, it is ORDERED that said motion is GRANTED." |

6

| Exhibit | Excerpt/Description |
|---|---|
| **Exhibit 14**, *Ouellette v. Wal-Mart Stores, Inc.*, No. 67-01-CA-326, Order and Final Judgment Approving Settlement Between Class Plaintiffs and Wal-Mart Stores, Inc. at 5 (Fla. Cir. Ct., Washington Cty. Aug. 21, 2009 | "The Court finds that a lack of involvement and participation of the objectors and their counsel who were not present and a lack of involvement and participation of the attorneys that were present combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the class and/or class counsel. The court struck the objections of . . . Kevin Dimla (represented by Christopher Bandas and Stephen P. Santiago) . . . for failure of proof, failure to demonstrate participation in the class action on behalf of the class, and failure to appear at the fairness hearing. Further, the Court finds that all of the objections . . . have no substantive merit and the court overrules all of the objections on that additional ground." |
| **Exhibit 15**, *Carter v. Wal-Mart Stores, Inc.*, No. 06-CP-I5-839, Order Denying Objections to Settlement Between Class Plaintiffs and Wal-Mart at 2 | ". . . in spite of the fact that Mr. Bandas is a serial professional objector, I have reviewed and considered the Bandas objection on its merits. The Court finds that, for a plethora of reasons, the Bandas objection lacks substantive merit." |
| **Exhibit 16**, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-MD-1827 SI, Indirect Purchaser Plaintiffs' and Settling States' Joint Response to Objections, Dkt. No. 7162 (N.D. Cal. Nov. 15, 2015) | Pages 38 through 48 (of 69) list cases in which Bandas filed objections. |

Dated: July 5, 2016

 /s/ Hassan Zavareei

Hassan A. Zavareei (*pro hac vice*)
Jeffrey Kaliel (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
jkaliel@tzlegal.com

*Lead Class Counsel*

Jeffrey M. Ostrow (*pro hac vice*)
**KOPELOWITZ OSTROW P.A.**
200 S.W. First Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
ostrow@kolawyers.com

James C. Shah
**SHEPHERD, FINKELMAN, MILLER**
**& SHAH, LLP**
35 E. State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
jshah@sfmslaw.com

*Class Counsel*

**CERTIFICATE OF SERVICE**

I, Hassan Zavareei, hereby certify that the foregoing document was filed via the Court's

CM/ECF system on July 5, 2016, thereby causing a true and correct copy to be served on all ECF-

registered counsel of record.

  /s/ Hassan A. Zavareei  
Hassan A. Zavareei
