## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHERRY L. BODNAR, et al.

          Plaintiff

     v.

BANK OF AMERICA, N.A.

          Defendant.

Case No. 5:14-cv-03224-EGS

---

**OBJECTOR DAWN M. WEAVER'S BRIEF IN OPPOSITION TO UNOPPOSED MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT, REQUEST FOR JUDICIAL NOTICE, AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND CLASS REPRESENTATIVE AWARD**

---

LIGHTMAN & MANOCHI

Gary P. Lightman, Esquire
Glenn A. Manochi, Esquire
1520 Locust Street, 12th Floor
Philadelphia, PA 19102
(215) 545-3000

*Attorneys for Objector Dawn M. Weaver*

## INTRODUCTION

Class member Dawn M. Weaver (sometimes "Objector") presents this Brief in Opposition to: (1) Plaintiffs' Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82; (2) Plaintiffs' Request for Judicial Notice, Doc. 83; and (3) Plaintiffs' Unopposed Motion for Attorneys' Fees and Class Representative Award, Doc. 84.

The real and only questions before this Court are whether the Settlement Agreement is fair to absent class members and whether Class Counsel is being fairly compensated for the result they achieved for the absent class members.  For the reasons set forth in Ms. Weaver's Objections, Doc. 78, and herein, the answer to both questions is "no."

Ms. Weaver therefore requests the Court deny Class Counsel's Motion for Final Approval of the Class Action Settlement, their Motion for Attorneys' Fees and a Class Representative Award, and their request for judicial notice.

## ARGUMENT

I.     **Class Counsels' Motions for Settlement Agreement Approval, Attorneys' Fees, and a Class Representative Award Must Be Denied.**

Apart from *ad hominem* attacks on Ms. Weaver and her attorney, there is no real substance to Class Counsels' opposition to the merits of her objections. Contrary to Class Counsels' insistence, the number of objections should be given no weight in evaluating the fairness of the settlement because of the unreasonable requirements for

objecting in the class notice.[1] Class Counsel respond with selective discussion of *Bell A. Corp. v. Bolger*, 2 F.3d 1304, 1314 n.15 (3d Cir. 1993), which commented that the absence of objections can lead to the assumption of tacit consent to the agreement.[2] Conveniently, Class Counsel leave out the two sentences following this remark:

> We recognize this assumption about the silent majority's preferences, as a practical matter, understates potential objectors since many shareholders have small holdings or diversified portfolios . . . and thus have an insufficient incentive to contest an unpalatable settlement agreement because the cost of contesting exceeds the objector's *pro rata* benefit. That inferences drawn from response rates are only an approximation may be seen by the low response rates of class members to settlement notices notifying them they are entitled to money and need merely fill out a short form to obtain it.

*Bolger*, 2 F.3d 1304, 1314 n.15. Thus, "a number of courts [are] more cautious about inferring support from a small number of objectors to a sophisticated settlement." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 812 (3d Cir. 1995).

Further, Ms. Weaver's objection noted that Class Counsel did not provide sufficient information prior to the objection deadline of June 6, 2016 to allow Class members to fully evaluate the fairness of the settlement.[3] Inexplicably, Class Counsel

---

[1] Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 12.

[2] Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 27.

[3] Objection of Dawn Weaver, Doc. 78, at 9-11, 19.

claim that Objector "never once specifies what other information . . . is 'necessary.'"[4] Either Class Counsel did not read Ms. Weaver's objection or they made a false assertion. In fact, Ms. Weaver specified, among other things, that more information was required concerning: the costs of administration and notice, who will receive any cy pres distribution, and Class Counsels' lodestar information (which had not been disclosed by the objection deadline of June 6, 2016).[5]

Class counsel waited until nearly a month *after* the objection deadline to present their lodestar information (which Ms. Weaver objected to), and it is clear why. To arrive at their requested $9 million in fees, they require an unjustified 4.69 multiplier. Ms. Weaver objects that a multiplier of 1 or less should be utilized given the poor relief secured.[6] *See In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 340-41 (3d Cir. 1998) (noting that courts must take care to explain how the application of a multiplier is justified" and observing that "multiples ranging from one to four are frequently awarded in common fund cases"). Additionally, the supporting declaration gives no dates for the work performed, and thus it is impossible to determine whether a significant portion of the billing occurred after the settlement,

---

[4] Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 31.

[5] Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 31.

[6] Plaintiff's Memorandum in Support of Unopposed Motion for Attorneys' Fees and Class Representative Service Award, Doc. 84-1, at 1, 4.

which would tend to show an attempt to inflate billing.[7]

Class Counsel characterize as "nonsensical," Ms. Weaver's objection to the lack of a procedure to object to their motion for attorneys' fees, which was filed nearly a month after the objection deadline. None of the objectors could anticipate Class Counsels' lodestar, and Ms. Weaver's objection to the lack of information provided by Class Counsel was reasonable and on point. By waiting, Class Counsel were allowed to hide the unfair details from the class.

While attempting to discredit Ms. Weaver's authority concerning the 25% benchmark as outdated, Class Counsel neglect to cite an opinion issued just a few months ago discussing that "[m]any courts, including several in the Third Circuit, have considered 25% to be the benchmark figure for attorney fee awards in class action lawsuits, with adjustments up or down for significant case-specific factors." *Halley v. Honeywell Intl., Inc.*, CV103345ESJAD, 2016 WL 1682943, at *25 (D.N.J. Apr. 26, 2016) (unpub. op.) (citing *Varacallo v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 207, 249 (D.N.J. 2005)). Certainly, this authority suggests there is indeed such a benchmark. Class Counsels' requested 33% should not be indulged where the average class member stands to recover a mere $5 in the face of considerable improprieties by Bank of America against its consumers.

Further, *Landsman & Funk, P.C. v. Skinder-Strauss Associates*, No. 15-2485, 2016

---

[7] Declaration of Hassan A. Zavareei in Support of Plaintiff's Un-opposed Motion for Certification of a Settlement Class and for Final Approval of Class Action Settlement and in Support of Unopposed Motion for Attorneys' Fees and Class Representative Service Award, Doc. 82-2, Ex. A.

WL 611441, at *1-2 (3d Cir. Feb. 16, 2016), cited by Class Counsel, which allowed a 33% award is inapposite because the lodestar cross-check revealed a far more reasonable multiplier of less than 2. Meanwhile, Class Counsel fails to make any factual distinction of *Hawthorne v Umpqua Bank*, 11-CV-06700-JST, 2015 WL 1927342, at *4-6 (N.D. Cal. Apr. 28, 2015) (unpub. opin.) other than to say it is authority from a different jurisdiction.[8] Of course, Class Counsel rely on authority from Ohio, the Northern, Eastern, and Western Districts of New York, and the 11th Circuit in advocating against the 25% benchmark.[9]

*Hawthorne* cannot simply be ignored because, as here, it involved a common fund settlement in a class action against a bank that improperly charged overdrafts. As in this case, class counsel sought 33% of the common fund. Despite the fact that "class counsel expended a significant amount of time and effort litigating . . . [the] case over . . . three years and undertook a major risk by taking it on a contingency fee basis[,]" these were not special considerations that warranted adjusting the presumptive 25% award upward. *Id.* at *5. While "class counsel engaged in motion practice, amended the operative complaint three times, . . . engaged in discovery and mediation[,] . . . and survived two dispositive motions, this simply reflects the ordinary

---

[8] Plaintiff's Memorandum in Support of Unopposed Motion for Attorneys' Fees and Class Representative Service Award, Doc. 84-1, at 21.

[9] Plaintiff's Memorandum in Support of Unopposed Motion for Attorneys' Fees and Class Representative Service Award, Doc. 84-1, at 5-6, 9(citing *Poertner v Gillette Co.*, 618 F. App'x 624, 626, 628-30 (11th Cir. 2015); *Casey v Citibank, N.A.*, No. 5:12-CV-820, 2014 WL 4120599 (N.D.N.Y. Aug. 21, 2014)).

nature of the adversarial process of litigation." *Id.* "In the aggregate, Plaintiffs' counsel recovered about a third the amount they could have recovered if they had prevailed at trial. This result . . . is not an 'exceptional' or 'unusual' award." *Id.* Accordingly, the district court in *Hawthorne* denied the request for 33% and instead adhered to the 25% benchmark. *Id.* at *6.

*Hawthorne* leaves no doubt that the 33% requested in this case is patently excessive. This case was on file for less than a year before settlement negotiations commenced, and was litigated just a few months over a year, as opposed to the three years of litigation in *Hawthorne*. The recovery relative to the value of the claims will potentially be far less here (13%) relative to the 1/3 recovery in *Hawthorne*. Further, the fact that the class action is much larger here only supports a lower percentage of recovery. *Court Awarded Attorney Fees, Report of the Third Circuit Task Force*, 108 F.R.D. 237, 256 (1985) ("In most instances, it will involve a sliding scale dependent upon the ultimate recovery, the expectation being that, absent unusual circumstances, the percentage will decrease as the size of the fund increases."); *In Re: Cendant Corporation Prides Litigation*, 243 F.3d 722, 736 (3d Cir. 2001) ("district court's setting attorneys' fees in cases involving large settlements must avoid basing their awards on percentages derived from cases where the settlement amounts were much smaller.")

Objector's review of bank overdraft class action litigation shows Class Counsel's requested multiplier of 4.69 is *far* above the norm. The court in *Hawthorne*, again a bank overdraft case, held the multiplier below 1 in its lodestar cross-check.

*Hawthorne*, 2015 WL 1927342, at *5. Likewise, the district court for the Middle District of Pennsylvania approved a 2.96 lodestar cross-check in an overdraft class action. *Johnson v. Community Bank, N.A.*, 3:12-CV-01405, 2013 WL 6185607, at *8-9 (M.D. Pa. Nov. 25, 2013) (unpub. op.). And, in *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 598 (N.D. Ill. 2011), while the district court did not technically apply a lodestar cross-check, it observed a 2.5 multiplier was reasonable in the context of a bank overdraft class action settlement.

Class Counsel offers no authority whatsoever that supports a 4.69 multiplier in a bank overdraft class action settlement. In fact, although they discuss *Johnson* for its percentage of recovery analysis, they are noticeably silent on its approval of a 2.96 lodestar cross-check. As Class Counsel has provided no case citation for an award of attorneys' fees in a bank overdraft class settlement where the multiplier is greater than 3, Objector submits the lodestar analysis dictates Class Counsel should not be awarded more than $5,801,387.85 ($1,933,795.95 (Doc.82-2, p. 17) x 3). This would amount to a slightly over 21% of the settlement fund ($5,801.387.85 x $27,000,000).

Further, the class representative should not be paid $20,000 for sitting through a difficult deposition.[10] *See Torchia v. W.W. Grainger, Inc.*, 1:13-CV-01427-LJO, 2014 WL 3966292, at *11 (E.D. Cal. Aug. 13, 2014) ("On its face, a class representative enhancement of $20,000 appears to be excessive" in a case on file less than 15 months

---

[10] Plaintiff's Memorandum in Support of Unopposed Motion for Attorneys' Fees and Class Representative Service Award, Doc. 84-1, at 21.

before settling); *In re Wells Fargo Loan Processor Overtime Pay Litig*, 2011 WL 3352460, at *11 (N.D.Cal. Aug. 2, 2011) (approving "incentive awards of $7,500 per class representative as compensation for their involvement in the case for the past five years, including appearing for depositions, assisting with written discovery, and working with Class Counsel to manage the settlement process"). Given that the average class member is likely to receive $5, the class representative's service fee of $20,000 also raises serious questions about the adequacy of her class representation.

Lastly, Hassan A. Zavareei, Esquire, Lead Counsel for the Class in this action, was the Lead Counsel for the Class in the *Hawthorne* action. *Hawthorne*, 2015 WL 1927342, at *1. Class Counsel in *Hawthorne* sought an attorneys' fee award of 33% of the settlement fund. The Court rejected this argument and awarded them 25% of the settlement fund. *Id.* at *17. Class Counsel, who was obviously aware of this case, has simply ignored addressing it in their submissions. More importantly, though, Objector submits Class Counsel is being less than candid with the Court in that they failed to inform this Court they had made the same argument in a similar bank overdraft class action settlement case that was rejected. *See United States v. Wecht*, 484 F.3d 194, 236 (3d Cir. 2007) ("a judge must be able to rely on counsel for the parties, which have a duty of candor to the court").

## II. The Federal Rules and the Courts Recognize the Valuable Role of Objectors in Ensuring a Fair Settlement to Absent Class Members.

The class action settlement objection process is one the Federal Rules of Civil

Procedure and courts deem as a fundamental check on class action procedure. That is why all class notices are required to explain the objection procedure to class members. The class notice here, as with all class actions, *specifically invites class* members who do not like the settlement to file objections.[11] Class Counsels' response to the invited objection – i.e., lodging personal attacks at Objector and Mr. Bandas – should be viewed with judicious skepticism.

Objectors are a vital to ensure the class action process functions properly. "[C]lass action lawyers may try to fend off interlopers who oppose a proposed settlement as insufficiently generous to the class; and given the role of such interlopers in preventing cozy deals that favor class lawyers and defendants at the expense of class members, their requests for fees must not be slighted." *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.). "Objectors can encourage scrutiny of a proposed settlement and identify areas that need improvement. They can provide important information regarding the fairness, adequacy, and reasonableness of the settlement terms." *Pallister v. Blue Cross and Blue Shield of Montana*, 285 P.3d 562, 568 (Mont. 2012). "Objectors can also "add value to the class-action settlement process by . . . preventing collusion between lead plaintiff and defendants." *UFCW Loc. 880-Retail Food Employers Jt. Pension Fund v. Newmont Min. Corp.*, 352 Fed. Appx. 232, 236 (10th Cir. 2009) (citation omitted); *see also* 2003

---

[11] Class Notice, at 6 ("[i]f you are a Settlement Class Member, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's request for fees and expenses and/or Class Counsel's request for a Service Award for the Plaintiff".

Committee Note, Rule 23(h) ("In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as . . . attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel").

Ms. Weaver's attorneys' prior representation of objecting class members "has no greater bearing on the merits of the objection raised than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings." *True v. American Honda Motor Co.*, 749 F. Supp. 2d. 1052, 1079 (C.D. Cal. 2010). "Merely characterizing some of the attorneys as 'professional objectors' without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough." *Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383, No. 09 CV 10035(HB) (S.D.N.Y. Nov. 22, 2011); *see also In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 WL 4630846, MDL No. 08-1999 (E.D. Wisc. Nov. 2, 2010); *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 1049269, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y. Mar. 22, 2010).

Other courts have explicitly held that the motive of objectors or their counsel is simply not relevant to the merits of an objection. *See, e.g, Corpac v. Rubin & Rothman, LLC*, 2012 WL 2923514, at *2-*3 (E.D.N.Y. July 19, 1012) ("[t]he Court 'fail[s] to see how motives of [Objector], other than the obvious financial once of maximizing [his] recovery, would make any fact of consequence to the determination of reasonable fees, the amount of damages or the restriction on pursuing future claims] more or less

probable."') (citing *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 587 (3d Cir. 1984)). It is neither logically nor legally permissible to conclude that an objection is valid or invalid from outcomes in other cases, especially when those outcomes are mixed.

### III.   Class Counsel are Attempting to Chill the Class Objection Process with Requests for Information Irrelevant to the Nature of the Objections.

Class Counsel claim that Ms. Weaver's objection is invalid and need not be considered because she objected to the requirement that she list[12] and produce documents relating to prior objections filed by her attorneys in other cases having nothing to do with this settlement.[13]

As a threshold matter, the Class Settlement Notice defines the Settlement Class as persons who had a consumer checking account in the United States with Defendant, were charged Overdraft Fees between May 25, 2011 and February 5, 2016 and had sufficient funds to cover the amount of the authorization.  *See* Weaver Objection, Exhibit "A," Exhibit "1" thereto.  Thus, by definition, an Objector's past objection history simply has nothing to do with whether an objector is a member of the Settlement Class.  Ms. Weaver is a member of the Settlement Class.  Class Counsel does not assert otherwise.  Yet, Class Counsel, in seeking to invalidate Ms. Weaver's

---

[12] Class Counsel seek to diminish the breadth of their requirement by suggesting that Ms. Weaver was merely required to "list [her attorneys'] prior objections[.]" Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 29. But, the class notice additionally requires, *inter alia*, objectors to produce "a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each listed case." Class Notice, at 6.

[13] Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 28.

Objection based on her prior objection history, seeks to deny her rights to object as a member of the Settlement Class when the uncontroverted facts show she meets all the criteria of a Settlement Class member.

A class notice is not a discovery request. Class Counsel has not filed a discovery motion. Yet, Class Counsel are seeking to manipulate the class notice process as a means to conduct discovery and thereby circumvent FED. R. CIV. P. 45, which addresses discovery of non-party objectors through the subpoena process. By demanding objectors locate and hand over records having nothing to do with class standing, Class Counsel are admittedly attempting to weed out objections. This is a clear violation of the class members' due process rights to assert objections as authorized under FED. R. CIV. P. 23(e)(5) ("[a]ny class member may object to the proposal if it requires approval"); *see also Freebird, Inc. v. Merit Energy Co.*, CIV.A. 10-1154-KHV, 2012 WL 6085135, at *7 (D. Kan. Dec. 6, 2012) (unpub. op.) (rejecting "restrictions on filing objections [as] . . . unreasonably onerous").

The material called for is not relevant to the merits of Ms. Weaver's objection to the class action settlement, and Ms. Weaver's objection to this requirement is not a legitimate basis for disregarding her objection. In any event, Class Counsel have demonstrated through their filings that they have equal access to the prior objections

filed by Ms. Weaver's attorneys.[14]

Of course, what Class Counsel are actually seeking is discovery from Ms. Weaver's attorney, a tactic that is strongly disfavored. *Alcon Laboratories, Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 342 (S.D.N.Y. 2002); *see also Hickman v. Taylor,* 329 U.S. 495, 516 (1947) (Jackson, J., concurring) ("Discovery was hardly intended to enable a learned profession to perform its functions ... on wits borrowed from the adversary."); *Gould, Inc. v. Mitsui Mining & Smelting Co., Ltd,* 825 F.2d 676, 680 n. 2 (2d Cir.1987) (noting that it is generally well regarded that the tactic of seeking discovery from adversary counsel is disfavored, but is not a talisman for the resolution of all controversies of this nature). Class Counsel should not be permitted to do indirectly through a class notice directed at Ms. Weaver what they cannot do directly against her attorneys.

The demands placed on objectors in the class notice represent an improper attempt to conduct discovery at the very outset of the objection process. It is one thing to request documents establishing the objector's status as a class member. It is quite another to require that her attorneys produce documents for a period of five

---

[14] Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 24 n.7; Plaintiffs' Request for Judicial Notice, Doc. 83 and exhibits. Ms. Weaver's objection listed eight prior cases in which she filed objections. Objection of Dawn Weaver, Doc. 78, at 3. As noted by Class Counsel, one objection was inadvertently left off the list. Ms. Weaver's objection qualified that "Objector does not keep copies of the opinions or orders [from her prior objections], which are public record and equally available to the parties[.]" *Id* at 5. At the same time, Class Counsel demonstrated their awareness of all objections filed by Ms. Weaver, and the fact that they have no real need for this information, in noting the mistake.

years from other cases involving other clients (implicating issues of client confidentiality), who have nothing to do with the class action litigation.

Ms. Weaver, as an objecting class member, is a non-party. *Sowers v. Freightcar Am, Inc.*, CIV. A. 3:2007-201, 2008 WL 4949039, at *1 (W.D. Pa. Nov. 19, 2008) ("objectors are not parties in the case *sub judice*); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 184 F.R.D. 506, 511 (S.D.N.Y. 1999) ("[objecting class member] is a non-party in this action"); *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 485, 488–89 (S.D.N.Y.1973) ("Nothing in Rule 23 suggests that class members are deemed 'parties'").

If Class Counsel want to engage in discovery, they are required to comply with the subpoena process outlined in FED. R. CIV. P. 45. *See Taggart v. Wells Fargo Home Mortg., Inc.*, 10-CV-00843, 2012 WL 4462633, at *2 (E.D. Pa. Sept. 27, 2012) ("Discovery of nonparties must be conducted by subpoena pursuant to FRCP 45") (citing *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y.2001)); *Peterson v. Farrakhan*, 2:03 CV 319, 2009 WL 1543600, at *3 (N.D. Ind. June 2, 2009) ("[w]hen the target of the discovery is a non-party to the litigation, 'the proper procedure for obtaining the jurisdiction necessary ... is the issuance of a subpoena pursuant to Federal Rule of Civil Procedure 45.'") (quotation omitted). The class notice here represents a concerted effort to avoid the protections afforded to non-parties in this rule.

Regardless, discovery has not been initiated and Class Counsels' unreasonable demand should not serve as a basis for Ms. Weaver, an undisputed class member, to

be denied her due process right to object to the settlement.

## IV. Class Counsel Provide No Published Authority Supporting their Unreasonable Demand upon Objectors.

Class Counsel complain of Ms. Weaver's failure to cite on-point authority prohibiting a class notice from requiring, as part of the objection procedure, the production of documents relating to prior objections filed by the objector's attorneys.[15] Yet, Class Counsel have the burden of proof to establish the fairness of the settlement, and fail to offer a single published opinion authorizing this requirement.[16]

All they can do is cite three unpublished, non-binding district court opinions, two of which are from outside the Third Circuit. *Shop-Vac Mktg. & Sales Practices Litig.*, No. 4:12-md-2380, 2016 WL 3035302, at *2 (M.D. Pa. May 26, 2016); *Hawthorne v. Umpqua Bank*, No. 11-cv-06700-JST, 2014 WL 4602572, at *7-8 (N.D. Cal. Sept. 15, 2014); *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 662, 664 (S.D. Fla. 2011) (same). None of these cases contain any analysis concerning whether a demand for information and documents from an objector's attorney in a different case is allowed as a prerequisite to filing an objection to a settlement.

While there is apparently no controlling authority, it is beyond dispute that class members are entitled to due process in asserting objections to class action

---

[15] Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 30.

[16] *See* Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 30.

settlements under Rule 23. *See e.g, In re Cendant Corp. Sec. Litig.,* 109 F.Supp.2d. 235, 254 (D.N.J.2000) ("[t]o satisfy due process, notice must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *In re BankAmerica Corp. Securities Litig.,* 210 F.R.D. 694, 707 (E.D. Mo. 2002) (same); *In re Nissan Motor Corp. Antitrust Litig,* 552 F.2d 1088, 1100 (5th Cir. 1977) (noting "the individual right of absentee class members to due process"); *see also* FED. R. CIV. P. 23(e)(5) ("[a]ny class member may object to the proposal if it requires approval").

If Class Counsel are allowed to impose any requirement on objectors in the class notice, no matter how burdensome or unrelated to the settlement, then class attorneys everywhere can defeat the objection process outlined in Rule 23 before it ever begins. In this case, there would be no issue if Class Counsel had reasonably confined their requirements to class standing and the bases of the class members' objections. *Greco v Ginn Dev Co, LLC,* 635 Fed. Appx. 628, 634-35 (11th Cir. 2015)(unpublished) (holding that "Notice . . . was reasonable under the circumstances and satisfied requirements of due process" where it required the objectors' "full name, address and telephone number, information the lot the objector purchased, and a written statement explaining the reasons for their objection, together with any legal support"). But, the class notice here obstructs the right to object by making irrelevant and burdensome demands that serve only to dissuade class members from objecting to the settlement.

Class Counsel advance a misguided straw-man argument in suggesting that none of the authority cited by Ms. Weaver stands for the proposition that the requirement that an objector list his prior objections is burdensome.[17] Yet, Ms. Weaver never represented the authority as such. Rather, as articulated in Ms. Weaver's objection and as discussed above, these cases emphasize the important role objectors play in ensuring a fair settlement to the class, and caution against efforts of class counsel to chill objections.[18] *Bezdek.*, 809 F.3d at 84; *Redman,* 768 F.3d at 629; *Pallister,* 285 P.3d at 568 (Mont. 2012); *see also UFCW Loc. 880-Retail Food Employers Jt. Pension Fund v. Newmont Min. Corp.*, 352 Fed. Appx. 232, 236 (10th Cir. 2009) ("Objectors can also "add value to the class-action settlement process by . . . preventing collusion between lead plaintiff and defendants"). Class counsels' arguments depend on a misreading of Ms. Weaver's objections and should be dismissed.

## V.   Mr. Bandas' Clients Have Prevailed in Overturning Numerous Unfair Settlements Like this One.

Since Class Counsel raised the issue, the Court should take judicial notice that Mr. Bandas' clients have prevailed many times in obtaining orders which reject unfair class action settlement agreements and excessive class counsel attorneys' fees requests.

---

[17] *See* Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 30 (discussing *Bezdek v. Vibram USA, Inc.*, 809 F.3d 78, 83 (1st Cir. 2015); *Pallister v. Blue Cross and Blue Shield of Montana*, 285 P.3d 562, 568 (Mont. 2012); *Redman v. RadioShack Corp.*, 768 F.3d 622, 626 (7th Cir. 2014), *cert. denied sub nom. Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429, 191 L. Ed. 2d 366 (2015)).

[18] Plaintiff's Memorandum in Support of Unopposed Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement, Doc. 82-1, at 6-7.

*See, e.g., Eubank v Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ("The judgment [approving the settlement] is reversed and the case remanded for further proceedings"); *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 181-82 (3d Cir. 2013) ("We vacate the District Court's orders approving settlement and the fund allocation plan[;] "[w]e vacate the Court's order awarding attorneys' fees and costs because this award was based on the now-vacated settlement"); *Dennis v Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) ("we reverse the district court's order approving the settlement and dismissing the case, vacate the judgment and award of attorneys' fees, and remand for further proceedings"); *Litwin v iRenew Bio Energy Sols., LLC*, 172 Cal. Rptr. 3d 328, 333 (Cal. App. 2d Dist. 2014), *as modified* (May 29, 2014) (in a case in which Mr. Bandas represented the objector in the lower court, the "the order granting final approval of the settlement must be reversed").

Most recently on June 30, 2016, Mr. Bandas' client succeeded in overturning an unfair settlement in the Second Circuit. *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 12-4671-CV, 2016 WL 3563719, at *12 (2d Cir. June 30, 2016) ("we vacate the district court's certification of the class, reverse approval of the settlement, and remand for further proceedings not inconsistent with this opinion"). Another client prevailed in reducing Class Counsels' attorneys' fees by $1.2 million, which resulted in a direct benefit to the class. *JPMorgan Chase Bank*, No. SA-14-CA-00912-FB, Docs. 85, 93, 94 (W.D. Tex. June 20, 2016).

Even in a recent appeal in which Mr. Bandas' client lost, the Third Circuit

commended the objectors as "well-intentioned in making thoughtful arguments against certification of the class and approval of this settlement. . . . They aim to ensure that the claims of retired players are not given up in exchange for anything less than a generous settlement agreement. . . ." *In re Natl. Football League Players Concussion Injury Litig.*, 15-2206, 2016 WL 1552205, at *29 (3d Cir. Apr. 18, 2016).

Regardless, the merits of Objector's objections are, of course, the focus of the Court's attention, and the issue on which Class Counsel should have focused.

## CONCLUSION

Objector requests this Court reject the Settlement Agreement under FED. R. CIV. P. 23(e). In the alternative, Objector requests the Court reject the proposed award of attorneys' fees and incentive fee or, at minimum, substantially reduce them. Objector also requests the Court consider Objector's Objections over claims she did not comply with the class notice, and that it deny Class Counsels' request to take judicial notice of irrelevant objections in different class action settlements.

DATED:  July 19, 2016

Respectfully submitted,

LIGHTMAN & MANOCHI

/s/ *Glenn A. Manochi*
Gary P. Lightman, Esquire
Glenn A. Manochi, Esquire
1520 Locust Street, 12th Floor
Philadelphia, PA 19102
(215) 545-3000
*Attorneys for Objector Dawn M. Weaver*

## Certificate of Service

The undersigned certifies that today he filed the foregoing brief in opposition on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: July 19, 2016

/s/ Glenn A. Manochi
Glenn A. Manochi